**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  _____

ALBERT McCAFFREY,

      Plaintiff,

v.

AKERNA CORP.,
JESSICA BILLINGSLEY,
BARRY FISHMAN,
MATT KANE,
TAHIRA REHMATULLAH,
SCOTT SOZIO,

      Defendants.

---

**COMPLAINT AND JURY DEMAND**
**FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**

---

Plaintiff, Albert McCaffrey ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

<u>**SUMMARY OF THE ACTION**</u>

1.      Plaintiff brings this stockholder action against Akerna Corp. ("Akerna" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants,", collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to merge the Company with Gryphon Digital Mining, Inc. ("Gryphon"), through merger vehicle Akerna Merger Co., Inc. ("Merger Sub") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all stock transaction (the "Proposed Stock Transaction").

2.      The terms of the Proposed Stock Transaction were memorialized in a January 27, 2023, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, each existing share of Gryphon common stock will be converted into the right to receive a number of newly issued Akerna shares resulting in Gryphon shareholders owning 92.5% of the Pro Forma Company, thus substantially diluting Diffusion shareholders' interest in the surviving entity.

3.      Coinciding with the Proposed Stock Transaction Akerna will sell off its software business to affiliates of Alleaves, Inc. through a sales transaction in which Akerna will receive $5 million in cash with $1 million being made available upon the signing of the agreement in the form of a one-year loan that will be forgiven at the close of the Proposed Stock Transaction (the "Proposed Software Sales Transaction", together with the "Proposed Stock Transaction", the

"Proposed Transactions").[1]  Notably, the effect of the Proposed Software Sales Transaction will compound that of the Proposed Stock Transaction, further reducing the value of Company stockholders' stock in Akerna.

4.     Thereafter, on May 12, 2023, Akerna filed a Registration Statement on Form S4 (the "Registration Statement") with the SEC in support of the Proposed Transactions.

5.     The Proposed Transactions are unfair for a number of reasons.  Significantly, it appears as though the Board has entered into an agreement which will provide no consideration to any Company stockholders whatsoever, other than the dilution of the value of their shares.

6.     In violation of the Exchange Act, Defendants caused to be filed the materially deficient Registration Statement, preventing Plaintiff from making a fully informed decision on whether to vote in favor of the Proposed Transactions, and is thus in violation of the Exchange Act.  As detailed below, the Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Akerna and Gryphon, provided by Akerna and Gryphon management to the Board and the Board's financial advisor JMP Securities, LLC ("JMP") (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinion created by JMP, if any, and provide to the Company and the Board.

7.     Absent judicial intervention, the Proposed Transactions will be consummated, resulting in irreparable injury to Plaintiff.  This action seeks to enjoin the Proposed Transactions.

---

[1] The Company had previously entered into an agreement with POSaBIT Systems Corporation to sell its software business (the "Previous Proposed Software Sales Transaction").  The Previous Proposed Software Sales Transaction was announced simultaneously with the Proposed Stock Transaction on January 27, 2023 and was thereafter terminated in favor of the Proposed Software Sales Transaction as announced in a press release dated April 28, 2023.

## PARTIES

8.      Plaintiff is a citizen of Minnesota and, at all times relevant hereto, has been an Akerna stockholder.

9.      Defendant Akerna provides enterprise software solutions that enable regulatory compliance and inventory management in the United States and Canada.  Akerna is incorporated in Delaware and has its principal place of business at 1550 Larimer Street, #246, Denver, CO 80202.  Shares of Akerna common stock are traded on the Nasdaq Stock Exchange under the symbol "KERN".

10.     Defendant Jessica Billingsley ("Billingsley") has been a Director of the Company at all relevant times.  In addition, Billingsley serves as the Chairman of the Company Board and the Chief Executive Officer ("CEO") of the Company.

11.     Defendant Barry Fishman ("Fishman") has been a director of the Company at all relevant times.

12.     Defendant Matt Kane ("Kane") has been a director of the Company at all relevant times.

13.     Defendant Tahira Rehmatullah ("Rehmatullah") has been a director of the Company at all relevant times.

14.     Defendant Scott Sozio ("Sozio") has been a director of the Company at all relevant times.

15.     Defendants identified in ¶¶ 10 - 14 are collectively referred to as the "Individual Defendants."

16.     Non-Party Gryphon is a corporation engaged in bitcoin and other cryptocurrency mining.

17.     Non-Party Merger Sub is a wholly owned subsidiary of the Company created to effectuate the Proposed Stock Transaction.

18.     Non-Party Alleaves, Inc. is a cannabis company and a part of the Proposed Software Sales Transaction.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.  This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.  The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

20.     Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, have extensive contacts within this District; for example, the Company maintains its Principal Offices in this District.

## SUBSTANTIVE ALLEGATIONS

### Company Background

22.     Akerna Corp. provides enterprise software solutions that enable regulatory compliance and inventory management in the United States and Canada.

23.     The Company offers MJ Platform for the cannabis, hemp, and CBD industry; and Leaf Data Systems, a government regulatory software. The Company also provides consulting services to cannabis industry; business intelligence, data analytics and other software related services; and Last Call Analytics, a retail analytics platform. In addition, the Company operates Solo, a seed-to-sale tagging and tracking software platform, and Trellis, a cultivation and compliance software platform.

24.     The Company's most recent performance press release, revealing performance results from the year preceding the announcement of the Proposed Transactions, indicated impressive clinical success.  For example, in the November 14, 2022 press release announcing its Q3 2022 financial results, the Company highlighted such successes as software revenue increase of 17% year-on-year and 39% YTD.

25.     Speaking on these positive results, Defendant and CEO Billingsley stated, "We continue to focus our resources on building a stable and sustainable financial model at Akerna, and we are well-positioned for future growth."  Billingsley continued, "This is evident in our double-digit growth in reported software sales for the quarter…"

26.     Despite this upward trajectory, the Individual Defendants have caused Akerna to enter into the Proposed Transactions without providing requisite information to Akerna stockholders such as Plaintiff.

***The Flawed Sales Process***

27.     As detailed in the Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate the Proposed Transactions by any means possible.

28.     Notably, the Registration Statement fails to disclose adequate reasoning as to why the board would agree to a deal in which shareholder's interest would be diluted, with no consideration given.

29.     The Registration Statement fails to disclose whether a committee of disinterested directors was formed to review the Proposed Transactions and if so, the identity of the directors who sat on said committee and what powers the committee had to evaluate the transaction, including whether the committee was empowered to veto a potential transaction not in the best interests of shareholders. On the other hand, if a committee was not formed, the Registration Statement fails to adequately disclose why a committee of disinterested directors was not formed.

30.     Notably, the Registration Statement does not adequately address the fact that JMP's Fairness Opinion was drafted prior to the termination of the Previous Proposed Software Sales Agreement and was not amended in any way in light of the entry into the Proposed Software Sales Agreement, including what, if any, of the analyses should have been updated regarding this change.

31.     Additionally, the Registration Statement is silent as to the nature of the confidentiality agreements entered into between the Company and Gryphon as well as the Company and Alleaves, Inc., and whether these agreements differed from any other agreement with potentially interested third parties not specifically mentioned by the Registration Statement, if so in all specific manners, including all specific terms of any such included "don't-ask, don't-waive" provisions or standstill provisions contained therein, including, all specific conditions, if any, under which such provisions would fall away.

32.     It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

*The Proposed Transactions*

33.     On January 27, 2023, Akerna issued a press release announcing the Proposed Stock

Transaction and the Previous Proposed Software Sales Transaction.  The press release stated, in

relevant part:

> **DENVER, January 27, 2023 /Globe Newswire/ --** Akerna Corp. ("Akerna")
> (Nasdaq: KERN) today announced it will merge with Gryphon Digital Mining, Inc.
> ("Gryphon") in an all-stock deal. Simultaneous with the closing of the merger with
> Gryphon, Akerna will sell its software business to POSaBIT Systems Corporation
> ("POSaBIT") (CSE: PBIT, OTC: POSAF), a leading provider of payments
> infrastructure in the cannabis industry.
>
> Gryphon, a leading net carbon neutral bitcoin miner, will be merging with Akerna
> by way of an Agreement and Plan of Merger to create a leading, ESG-committed,
> carbon-neutral bitcoin miner. Upon completion of the merger, Akerna will change
> its name to Gryphon Digital Mining, Inc. The merger is expected to provide Akerna
> shareholders with access to the bitcoin mining industry with one of its premier
> operators.
>
> Gryphon brings a top-tier bitcoin mining operation to Akerna shareholders. Since
> it commenced bitcoin mining operations in September 2021, Gryphon has
> consistently ranked among the top three miners on a bitcoin efficiency1 basis
> according to publicly available data and has finished at or tied for first place in nine
> of the 12 months of 2022. Through its self-mining operations and royalty stream,
> Gryphon has a potential revenue generating profile of 1.1 exahash per second
> ("EH/s") on a cost basis of 0.75 EH/s.
>
> POSaBIT will be acquiring MJ Freeway, including MJ Platform and Leaf Data
> System brands, and Ample Organics. This transaction provides POSaBIT with an
> opportunity to combine complementary offerings to scale its business and expand
> its footprint with established platforms. These complementary products are likely
> to be mutually beneficial, as together they are expected to provide a comprehensive
> retail solution for cannabis operators, complete with supply chain compliance. In
> addition to retail operators, these products are anticipated to continue to serve all
> verticals of the cannabis industry, and Akerna and POSaBIT do not anticipate any
> interruption to clients as a result of the transactions.
>
> About the Proposed Transactions:
>
> In connection with the two transactions, Akerna entered into two separate definitive
> agreements.

The first definitive agreement is a Securities Purchase Agreement for the sale of Akerna's MJ Freeway and Ample Organics business units to POSaBIT for $4 million in cash. In connection with the closing of the proposed sale transaction, Akerna plans to use the proceeds of the transaction, after expenses, to pay its remaining outstanding account payables and pay down any remaining principal balance on its outstanding senior secured convertible notes, net of $500,000 retained for outstanding obligations and net cash requirements associated with the proposed merger between Akerna and Gryphon.

The second definitive agreement is an Agreement and Plan of Merger, pursuant to which Gryphon will become a wholly-owned subsidiary of Akerna in an all-stock transaction. Upon completion of the proposed merger, on a pro forma basis and based upon the number of Akerna shares to be issued in the proposed merger, current Gryphon equityholders are expected to own approximately 92.5% of the combined company and current Akerna equityholders are expected to own approximately 7.5% of the combined company. The combined company is expected to continue to be publicly traded on Nasdaq.

Upon closing of the proposed merger, Akerna Corp. will be renamed Gryphon Digital Mining Inc., and will be headquartered in Las Vegas, Nevada. Rob Chang will serve as Chief Executive Officer of the combined company. The merger agreement provides that the Board of Directors of the combined company will comprise of seven members of which a minimum of five will be filled upon completion of the merger, one designated by Akerna, being Jessica Billingsley, its current Chief Executive Officer, and the remaining six positions to be designated by Gryphon.

Bitcoin Efficiency is a measure of the number of bitcoin generated per exahash of hashing power deployed. Gryphon includes the bitcoin-equivalents obtained from its royalty stream in its calculation of Bitcoin Efficiency.

Both transactions are conditioned on the other transaction closing and both transactions are subject to the approval of the stockholders of Akerna. Approval of the merger transaction is subject to the approval of the stockholders of Gryphon and approval of the combined company for listing on the Nasdaq Capital Market.

34.     Thereafter, on April 28, 2023, Akerna issued a press release announcing the Proposed Stock Transaction and the Proposed Software Sales Transaction.  The press release stated, in relevant part:

**DENVER, April 28, 2023 /Globe Newswire/** -- Akerna Corp. ("Akerna") (Nasdaq: KERN) today announced that simultaneous to its merger with Gryphon Digital Mining, Inc. ("Gryphon"), Akerna will sell its software business to MJ Freeway Acquisition Co ("MJ Acquisition Co"). Alleaves, Inc., ("Alleaves"), a

provider of ERP software solutions to the cannabis industry, will be participating in the financing of the acquisition by MJ Acquisition Co.

MJ Acquisition Co will be acquiring MJ Freeway, including MJ Platform and Leaf Data System brands, and Ample Organics.

"This transaction marks yet another significant milestone for our company and underscores Alleaves' explosive and continued expansion in the cannabis industry," said Mike Beedles, CEO and Founder of Alleaves. "By bringing together our expertise in software and data analytics, we are well-positioned to continue to provide a seamless integrated solution that empowers our clients and states to reach new heights of success. This transaction also allows us to focus on high growth markets and continue to drive new innovation and collaboration as we continue to expand the Alleaves platform and revolutionize the cannabis industry."

As previously announced, Gryphon, a leading net carbon neutral bitcoin miner, will be merging with Akerna by way of an Agreement and Plan of Merger to create a leading, ESG-committed, carbon-neutral bitcoin miner. Upon completion of the merger, Akerna will change its name to Gryphon Digital Mining, Inc. The merger is expected to provide Akerna shareholders with access to the bitcoin mining industry with one of its premier operators.

Bryant Park Capital is acting as financial advisor to Alleaves.

About the Proposed Transactions:

In connection with the two transactions, Akerna entered into two separate definitive agreements.

As previously announced, on January 27, 2023, Akerna entered into an Agreement and Plan of Merger, pursuant to which Gryphon will become a wholly-owned subsidiary of Akerna in an all-stock transaction. Upon completion of the proposed merger, on a pro forma basis and based upon the number of Akerna shares to be issued in the proposed merger, current Gryphon equityholders are expected to own approximately 92.5% of the combined company and current Akerna equityholders are expected to own approximately 7.5% of the combined company. The combined company is expected to continue to be publicly traded on Nasdaq.

The other definitive agreement is a Securities Purchase Agreement for the sale of Akerna's MJ Freeway and Ample Organics business units to MJAcquisiton Co for $5 million cash with $1 million of the purchase price being made available to Akerna upon signing of the Securities Purchase Agreement in the form of a one-year loan that will be forgiven at closing of the proposed sale transaction. In connection with the closing of the proposed sale transaction, Akerna plans to use the proceeds of the transaction, after expenses, to pay its remaining outstanding accounts payable and pay down any remaining principal balance on its outstanding

senior secured convertible notes, net of $500,000 retained for outstanding obligations and net cash requirements associated with the proposed merger between Akerna and Gryphon.

As previously announced, upon closing of the proposed merger, Akerna Corp. will be renamed Gryphon Digital Mining, Inc., and will be headquartered in Las Vegas, Nevada. Rob Chang will serve as Chief Executive Officer of the combined company. The merger agreement provides that the Board of Directors of the combined company will comprise of seven members of which a minimum of five will be filled upon completion of the merger, one designated by Akerna, being Jessica Billingsley, its current Chief Executive Officer, and the remaining six positions to be designated by Gryphon.

Both transactions are conditioned on the other transaction closing and both transactions are subject to the approval of the stockholders of Akerna. Approval of the merger transaction is subject to the approval of the stockholders of Gryphon and approval of the combined company for listing on the Nasdaq Capital Market.

*Potential Conflicts of Interest*

35.     The breakdown of the benefits of the deal indicate that Akerna insiders are the primary beneficiaries of the Proposed Transactions, not the Company's public stockholders such as Plaintiff.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transactions not available to Plaintiff as a public stockholder of Akerna.

36.     Notably the Registration Statement fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

37.     Thus, while the Proposed Transactions are not in the best interests of Akerna, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

***The Materially Misleading and/or Incomplete Registration Statement***

38.     On May 12, 2023, the Akerna Board caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transactions.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transactions*

39.     Specifically, the Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transactions.  In particular, the Registration Statement fails to disclose:

    a.   Adequate information as to whether a committee of disinterested directors was formed to evaluate the Proposed Transactions. If so, the identity of the directors who sat on the committee and what powers the committee had. If not, the reasoning for failing to create such a committee;

    b.   Adequate information as to why the board agreed to transactions where shareholder's interests will be diluted and no consideration will be received;

    c.   Adequate information to address the fact that JMP's Fairness Opinion was drafted prior to the termination of the Previous Proposed Software Sales Agreement and was not amended in any way in light of the entry into the

Proposed Software Sales Agreement, including what, if any, of the analyses should have been updated regarding this change;

d.  Whether the confidentiality agreements entered into by the Company with Gryphon and/or Alleaves, Inc. differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

e.  All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including Gryphon and Alleaves, Inc., would fall away; and

f.  Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning Akerna and Gryphon's Financial Projections*

40.  The Registration Statement fails to provide material information concerning financial projections for Akerna and Gryphon provided by Akerna and Gryphon management to the Board and JMP and relied upon by JMP in its analyses.  The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

41.  Notably the Registration Statement reveals that as part of its analyses, JMP reviewed "certain financial projections provided to JMP by each of Akerna and Gryphon, and certain other historical and current financial and business information provided to JMP by each of Akerna and Gryphon."

42.     The Registration Statement therefore should have, but fails to provide, certain information in the projections that Akerna and Gryphon management provided to the Board and JMP.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects."  *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

43.     With regard to *Akerna's Financial Projections*, prepared by Akerna management, the Registration Statement fails to disclose material line items, including the following:

    a.   Business Unit EBTIDA, as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: the definition for this metric utilized and all underlying necessary metrics;

    b.   Fully Burdened EBTIDA, as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: the definition for this metric utilized and all underlying necessary metrics; and

    c.   Net Income, as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: the definition for this metric utilized and all underlying necessary metrics.

44.     The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

45.     The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various sets of projections rely.

46.     This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.  Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

47.     Additionally, the Registration Statement fails to disclose any material projection data for Gryphon, preventing Plaintiff from being fully informed as to the financial outlook for the Pro Forma entity, and preventing Plaintiff from properly gauging the Proposed Transactions. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

48.     Without accurate projection data for Akerna and Gryphon being presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the JMP's financial analyses, or make an informed decision whether to vote in favor of the Proposed Transactions.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by JMP*

49.     In the Registration Statement, JMP describes its fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

50.     With respect to the *Illustrative Selected Public Companies Comparable Data - Akerna*, the Registration Statement fails to disclose:

    a.   The specific reference range applied to Akerna based off of this analysis; and

b.   The result of this analysis as related to Akerna's CY 2022E EV/Revenue and CY 2023E EV/Revenue.

51.   With respect to the *Illustrative Selected Precedent Transactions Analysis* - Akerna, the Registration Statement fails to disclose:

a.   The specific date on which each selected precedent transaction closed;

b.   The specific value of each selected precedent transaction;

c.   The specific reference range applied to Akerna based off of this analysis; and

d.   The result of this analysis as related to Akerna's EV/TTM Revenue.

52.   With respect to the *Illustrative Liquidation Analysis* - Akerna, the Registration Statement fails to disclose:

a.   The number of outstanding Akerna common shares utilized.

53.   With respect to the *Discounted Cash Flow Analysis* - Akerna, the Registration Statement fails to disclose:

a.   The specific inputs, metrics, and assumptions used to determine the utilized discount rate range 25%;

b.   The unlevered free cash flow projections for Akerna utilized, as well as the specific inputs, metrics, and assumptions underlying this projection;

c.   The terminal values for Akerna calculated;

d.   The specific inputs and assumptions used to determine the exit multiple of (0.8x);

e.   Akerna's total cash utilized; and

f.   Akerna's total debt utilized.

54. With respect to the *Illustrative Selected Public Companies Comparable Data -Gryphon*, the Registration Statement fails to disclose:

    a. The specific reference range applied to Gryphon based off of this analysis; and

    b. The result of this analysis as related to Gryphon's CY2022E EV/Revenue, CY2023E EV/Revenue, CY2022E EV/EBITDA, and CY2023E EV/EBITDA.

55. With respect to the *Discounted Cash Flow Analysis* - Gryphon, the Registration Statement fails to disclose:

    a. The specific inputs, metrics, and assumptions used to determine the utilized discount rate range 17%;

    b. The unlevered free cash flow projections for Gryphon utilized, as well as the specific inputs, metrics, and assumptions underlying this projection;

    c. The terminal values for Gryphon calculated;

    d. The specific inputs and assumptions used to determine the exit multiple of (9.2x); and

    e. Gryphon's total cash as of January 10, 2023;

    f. Gryphon's total debt as of January 10, 2023;

    g. The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 15% to 19% as applied to determine the implied equity values of Akerna in this analysis; and

    h. The specific inputs, metrics, and assumptions used to determine the utilized range of EBITDA exit multiples from 7.1x to 9.6x as applied to determine the implied equity values of Akerna in this analysis.

56.     These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transactions.

57.     Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder.  Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transactions are in his best interests as a public Diffusion stockholder.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

### Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

58.     Plaintiff repeats all previous allegations as if set forth in full herein.

59.     Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transactions.

60.     Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transactions.  Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent

or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

61.     As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any Registration Statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

62.     The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above.  Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

63.     The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

64.     The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

65.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in

favor of the Proposed Transactions on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transactions.

## SECOND COUNT

## Violations of Section 20(a) of the Exchange Act

## (Against all Individual Defendants)

66.     Plaintiff repeats all previous allegations as if set forth in full herein.

67.     The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

68.     The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws.   The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

69.     The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Diffusion's business, the information contained in its filings with the SEC, and its public statements.   Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading.  As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

70.     The Individual Defendants acted as controlling persons of Diffusion within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause Diffusion to engage in the wrongful conduct complained of herein.   The Individual Defendants controlled Diffusion and all of its employees.  As alleged above, Diffusion is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9.  By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A.     Enjoining the Proposed Transactions;

B.     In the event Defendants consummate the Proposed Transactions, rescinding them and setting them aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained

therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: May 15, 2023

**BRODSKY & SMITH, LLC**

By:      *Marc L. Ackerman*

Marc L. Ackerman
Two Bala Plaza, Suite 805
Bala Cynwyd, PA 19004
Phone: (610) 667-6200
Fax:    (610) 667-9029
Email: mackerman@brodskysmith.com

*Counsel for Plaintiff*